**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **VALENCIA L. WILLIAMS,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO:** |
| **Plaintiff,** | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **AMERICAN RESIDENTIAL** | ) | |
| **SERVICES L.L.C.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Valencia L. Williams ("Williams" or "Plaintiff"), by counsel, for her Complaint against Defendant, American Residential Services L.L.C. ("ARS" "Defendant"), alleges as follows:

### I.    THE PARTIES

1.    Plaintiff Williams is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Chesapeake, Virginia.

2.    Defendant ARS is a retail-based business that operates heating, cooling, electrical, and plumbing services throughout the United States, including the Commonwealth of Virginia.

### II.    JURISDICTION AND VENUE

3.    This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331.

4.    Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

1

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.    Prior to instituting this suit, Williams formally filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on or about December 20, 2023.  A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A."  Plaintiff's Charge of Discrimination specifically claims racial and gender based discrimination in violation of Title VII of the Civil Rights Act of 1964.

6.    The EEOC failed to resolve the claim and issued a right-to-sue letter dated March 7, 2024.  A true and correct copy of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "B."  Plaintiff has filed her complaint within 90 days from the date she received her notice authorizing the right to bring this action.

### IV.  STATEMENT OF FACTS

7.    This case arises under Title VII of the Civil Rights Act as amended.

8.    Williams is an African-American female.

9.    Defendant hired Williams on or around October 25, 2021 as a Heating, Ventilation and Air Conditioning ("HVAC") Service Technician at ARS' Chesapeake, Virginia location.  As an HVAC Service Technician, Williams was responsible for installing, repairing and performing maintenance work on ARS customer's HVAC Systems.

10.    As an African-American female, Williams was an anomaly in ARS's workforce as a Service Technician.  All of her immediate coworkers were white males.

11.    Williams' immediate supervisor was Defendant's Service Manager, Jeremy Faye ("Faye"), a white male.

12.    Williams' began working for Defendant in its fourth quarter, 2021. She immediately earned an award at the end of that quarter as the top sales technician.  She then won the top sales technician quarterly award for 2022's first, second, third and fourth quarters.  In the second quarter she was not only the top local sales technician but also the fifth top sales technician in the country for Defendant.

13.    In 2023 Defendant stopped awarding quarterly sales numbers.

14.    Despite her consistently meeting her employer's expectations Williams found resistance because of her race and gender.

15.    In November 2023, Williams was confronted by Faye and told that she was being written up for a number of instances.  Williams reviewed the allegations and began to dispute them. Faye was aggressive and did not wish to hear Williams' explanation.

16.    In early 2023, Williams mentioned to Defendant's dispatcher, "Tiara" that she wanted to go home sick but knew that Faye would not let her.  Tiarra, told Williams that her white male coworkers would often leave work early (for various reasons) and would not meet any resistance from Faye.  The few times Williams had requested early leave Faye always gave her a hard time and denied the requests.

17.    In November 2023, Williams expressed interest in leaving the Defendant's Service Department.  She spoke with Defendant's Operations Manager, "Antwan" (an African-American male) about a potential promotion out of the Service Department.  Antwan told Williams she would be great at sales and he would make sure she would have a job in sales in 30 days. Unfortunately, Antwan was then fired by Defendant and Williams did not hear back about the opportunity.

18.     Later, Williams would ask the General Manager (a white male) about the promised job opportunity in Sales that Antwan had promised her.  The General Manager said "Antwan lied about that."

19.     In February 2023, Williams learned that someone had placed a special recording device in her vehicle to spy on her during her work hours.

20.     Williams also learned from Tiara that her white male coworkers consistently left work at 5 p.m.  Williams was continually forced to take all late afternoon/early evening service calls.  As a result, Williams often worked late into the evening on late service calls – later learning that Faye was purposefully letting her white male coworkers avoid such late calls.

21.     In later 2023, Williams told Defendant's Human Resources Department that she was interested in applying for the Sales Department. The Sales Department would allow the opportunity for high pay and bonuses for Williams.  The department – at the time – was solely staffed by white males.  The HR representative told Williams that she would be better suited as an installer – a department staffed by only black males.  Also, an installer would make significantly less pay than a sales representative.

22.     In or about November 7, 2023, as a result of the continued mistreatment and lack of opportunities, Williams quit.

## V.  CLAIMS

### COUNT I
Violation of Title VII of the Civil Rights Act of 1964
Gender Discrimination

23.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

4

24.     Defendant discriminated against Plaintiff by subjecting her to disparate treatment as well as terms and conditions of her employment due to her gender.

25.     Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

26.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

27.     Plaintiff should be awarded an appropriate amount for loss of earning capacity and future lost wages and benefits of employment.

28.     Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

## COUNT II
Violation of Title VII of the Civil Rights Act of 1964
Racial Discrimination

29.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

30.     Defendant discriminated against Plaintiff by subjecting her to disparate treatment as well as terms and conditions of her employment due to her race.

31.     Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

32.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

33.     Plaintiff should be awarded an appropriate amount for loss of earning capacity and future lost wages and benefits of employment.

34.     Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

## COUNT III
Violation of 42 U.S.C. § 1981 – Racial Discrimination

35.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

36.     Defendant intentionally discriminated against Plaintiff, who is a Black Muslim.

37.     Defendant racially discriminated against Plaintiff in interfering with the wages, benefits, privileges, terms and conditions of the Plaintiff's employment relationship with Defendant.

38.     Defendant discriminated against Plaintiff in that she was a member of a protected class, an adverse prospective employment action occurred and similarly situated non-Black employees of Defendant were treated differently

39.     As a result of the racial discrimination, Defendant deprived Plaintiff of constitutional and statutory rights.

40.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of her constitutional and statutory rights and other consequential damages.

41.     At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and statutory and common law rights of Plaintiff.

42.     Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Valencia L. Williams, prays for entry of judgment in favor of Plaintiff and against Defendant, American Residential Services L.L.C. in the form of the following relief:

a.     All equitable and legal relief available against Defendant under Title VII and 42 U.S.C. Section 1981, including but not limited to back pay, front pay, actual damages, compensatory damages, consequential damages, punitive damages, pre-judgment interest, and reinstatement of Plaintiff's employment;

b.     Attorney's fees and court costs associated with this suit under 42 U.S.C. § 1988 (and Title VII / Section 1981); and

c.     All other relief as may be appropriate to effectuate the purpose of justice.

Date: June 3, 2024                              Respectfully submitted,

VALENCIA L. WILLIAMS

_____/s/_Todd M. Gaynor_____
Todd M. Gaynor, Esquire
Virginia Bar No.: 47742
GAYNOR LAW CENTER, P.C.
440 Monticello Avenue, Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (75) 257-3674
EM: tgaynor@gaynorlawcenter.com

*Counsel for Plaintiff*